By the Court.—Freedman, J.
The action, was brought by the plaintiffs as the special partners, against the defendant as the general partner, of a partnership, for an accounting between them, and the division of the partnership property according to their respective rights. The partnership was a limited one, under the laws of the State of New York, and at the time of the commencement of the action it had expired by its own limitation.
The complaint, in addition to the averments usual in such cases, contained charges of misconduct and bad faith against the defendant as general partner, which provoked an answer and raised issues collateral to the main question, but on the accounting it appeared that the capital contributed by the plaintiffs as special partners remained unimpaired, that each of them had already received his full share of the profits to which he was entitled, and that the actual profits had been more than sufficient to pay them. It was, therefore, stipulated between the parties that the plaintiffs should claim no personal judgment against the defendant, and. that the defendant should claim no personal judgment against the plaintiffs, and the whole litigation finally resulted in an adjudication that out of the remaining partnership property each of the plaintiffs should receive and be paid the capital specially contributed by him respectively, that the defendant was entitled to whatever might remain thereafter, and that neither of the partners should be allowed interest on the accounting.
Under these circumstances the plaintiffs should not have an extra allowance in addition to the ordinary costs of the action, which were awarded to them. If the action was a difficult and extraordinary one within the meaning of section 309 of the code, it was only so for a time by reason of the advancement by the plaintiffs of claims which were subsequently withdrawn. But *332 so far as the simple division of the partnership property was concerned, the defendant had as much right to bring the action as the plaintiffs possessed, and hence the bare fact that the action was commenced by the plaintiffs, affords no just reason why they should be rewarded with a special allowance out of the common fund. An action for the partition of land stands upon a different footing, and the allowance is regulated by a special provision.
The plaintiffs not being entitled to ah allowance upon the facts of the casé, it is hot necessary to determine the precise power of the court upon this point and in this class of cases. The decision below being right, thó reason assigned for it is immaterial.
The order should be affirmed with costs.
Speir, J., concurred.